RECEIVED

DEC 2 9 2006

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED

DEC 2 9 2006

___ B. Coyle, Clerk

By ___ Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

DENNIS WAYNE BURTON,

**PLAINTIFF**

VS.

CAUSE NO.: 2:06CV216-P-A

CITY OF SENATOBIA, MISSISSIPPI;
SAMMY WEBB, CHIEF OF POLICE for
The City of Senatobia, Mississippi,
in his official and individual capacities;
OFFICER GARY RIALES, in his official
and individual capacities; and JOHN DOE
DEFENDANTS "A" THROUGH "Z",

**DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Dennis Wayne Burton, and brings this complaint against the

Defendants, City of Senatobia, Mississippi; Sammy Webb, Chief of Police for the City of

Senatobia, Mississippi, in his official and individual capacities; Officer Gary Riales, in his

official and individual capacities; and John Doe Defendants "A" Through "Z", and would show

unto the Court the following:

## PARTIES

1. The Plaintiff, Dennis Wayne Burton, is an adult resident citizen of the City of

Senatobia whose primary family residence is located at 980 Shands Bottom Road, Senatobia,

Mississippi 38668.

2. The Defendant, City of Senatobia, is a governmental subdivision of the State of

Mississippi and a municipal corporation within the Northern Judicial District of Mississippi. At

all times herein, through its police department, Defendant was responsible for enforcement of municipal policies, procedures, practices and customs relating to prosecution for contempt occurring outside the presence of the court. Said Defendant may be served with process by and through Mrs. Kay Taylor Minton being the City Clerk for the City of Senatobia whose office is located at City Hall at 133 North Front Street, Senatobia, Mississippi 38668.

3. The Defendant, Gary Riales, is a police officer employed by the City of Senatobia and working for the Senatobia Police Department. Said Defendant is believed to be an adult resident citizen of Panola County, Mississippi in the Northern Judicial District of Mississippi where he may be found for personal service of process. Said Defendant is sued in both his individual and official capacities.

4. The Defendant, Sammy Webb, who at all times relevant hereto was the Chief of Police for the City of Senatobia, is an adult resident citizen of Tate County, Mississippi, in the Northern Judicial District of Mississippi where he may be found for personal service of process. Said Defendant was and is the chief law enforcement officer and the chief law enforcement policy maker for the City of Senatobia, Mississippi. Said Defendant is sued in both his individual and official capacities.

5. The Defendants, John Doe "A" through "Z", are all adult resident citizens of the State of Mississippi whose names and addresses are unknown to the Plaintiff after diligent search and inquiry, and who at all times relevant herein were investigators and/or police officers for the City of Senatobia, Mississippi Police Department. These Defendants are sued both in their individual and official capacities. When the true names of such persons are discovered, the process and all pleadings and proceedings in this action will be amended by substituting the true

names and giving proper notice to the opposing parties.

## JURISDICTION AND VENUE

6.      The Plaintiff, Dennis Wayne Burton, brings this action for compensatory and punitive and other appropriate relief under 28 U.S.C §§ 2201 and 2202 and 42 U.S.C.A. §§ 1983 and 1988 for violation of his federal civil rights and state law rights by the Defendants, City of Senatobia, Mississippi, Sammy Webb, the Chief of Police for the City of Senatobia, Mississippi, in his official and individual capacities; Officer Gary Riales, in his official and individual capacities; and John Doe Defendants "A" Through "Z", whose actions were taken under color of state law. The jurisdiction of this court is invoked pursuant to the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United State Constitution, 28 U.S.C §§ 1331, 1343, 1967, 2201 and 2202 and 42 U.S.C.A. §§ 1983 and 1988. The Plaintiff alleges that this action raises a federal question and the amount in controversy exceeds the required amount for Federal Jurisdiction. The Plaintiff also seeks pendant jurisdiction of all state claims.

## FACTS

7.      The Plaintiff, Dennis Burton, is a thirty-nine (39) year old indigent single black male who currently is residing and was residing in the City of Senatobia, Mississippi in September, 2005 and for many years prior thereto in a home left by his deceased mother. The Plaintiff's mother died intestate leaving a large number of children and both a first and second mortgage on said home. None of the children had made the monthly payments owed on the home and therefore the mortgages were delinquent in September, 2005 and remain delinquent still today. The Plaintiff cannot read or write and received a "certificate of attendance" from Independence High School where he was "a special education" student. Plaintiff has limited

ability to understand, comprehend and reason. He has made his living washing cars and doing odd jobs for numerous people in the City of Senatobia over the years but due to his limitations, he has never been able to hold a steady job. Further, he does not smoke, use illegal drugs and drinks very little due to kidney ailments. Over the years numerous citizens of the City of Senatobia have taken up money for the Plaintiff for the purpose of bonding him out of jail and/or paying large fines meted out by the Defendants in an effort to keep him out of jail for the non-payment of fines as threatened by the Defendants. Plaintiff has four (4) children whom he helps as he can and he is obligated to do so, both morally and legally.

8. On or about September 30, 2005, Dennis Burton was brought before the Municipal Court of the City of Senatobia for being in contempt of court for failure to pay delinquent fines in the approximate sum of $1,559.90. At that time he had no lawyer, could not read or write and was found to be in contempt of court. He was sentenced to serve six (6) months in the Tate County Jail. Prior to September 30, 2005, Plaintiff had been held in the Tate County Jail for twenty-eight (28) days without bond as a result of his arrest on the charge of contempt of court for failure to pay approximately $1,559.90 in delinquent fines. (See Exhibit "A") The outstanding fines which had accrued resulted from numerous charges made against the Plaintiff by the Defendants over a number of years which the Plaintiff could not pay and for which no accounting of the fines paid or worked-off can be provided by the Defendants. During all of the Plaintiff's trials and tribulations with the Defendants, he has had no lawyer due to the fact that he could not afford one and one was not appointed for him. The only benefit of counsel he has had has been his present lawyers who have represented him from time to time without pay. There is an undated waiver of rights in the file which bears the printed name of Dennis

4

Burton and no further information is provided as to its date and the charge for which it was executed. Plaintiff has no recollection of same or the contents thereof.

9. The Plaintiff served approximately sixty-eight (68) days in jail from September 30, 2005, until on or about December 7, 2005, at which time he was released by the municipal judge. An arrest warrant was again issued on February 8, 2006, for Dennis Burton by the Municipal Judge on the charge of contempt for failure to pay fines in the sum of $1,559.90 but said warrant was not served on the Plaintiff until July 3, 2006. On July 3, 2006, the Plaintiff was arrested on the February 8, 2006 arrest warrant by a white police officer named Billy Burroughs who handcuffed him tightly, transported him to the police station and then transported him to the Tate County Jail where he was incarcerated. Plaintiff remained in jail for nine (9) days with a cash bond in the sum of $1,600.00 which exceeded the $1,559.90 owed in past due fines. Plaintiff was brought before the Municipal Judge of the Senatobia Municipal Court on July 12, 2006. Again, he did not have the services of a lawyer, one was not appointed for him and he was without funds to pay said fine. At that time, the Municipal Judge ordered that the Plaintiff orally and without a record to be banished from the City of Senatobia since he would not pay the outstanding fines in the sum of $1,559.90. There is some question as to the time limit of the banishment as the Plaintiff believes that he was told that he was banished forever and that he was to never come back but court officials seem to say that he was told that he was banished until he paid all of his fines in the approximate amount of $1,559.90.

10. Upon the conclusion of the Plaintiff's July 12, 2006, court appearance, Plaintiff was "talked to" outside the Municipal Court by three white police officers being John Boyd, Billy Burroughs and Gary Riales. Said officers threatened him by stating to him that if he

borrowed the money to pay the outstanding fines or if he did not do exactly as the judge ordered, they would arrest him and put him back in jail.

11. On the evening of July 17, 2006, the Plaintiff had been given some clothes by an individual who also had hired Plaintiff to wash his automobile. Plaintiff took the clothes to a friends apartment in Senatobia to be washed and upon returning to the car he was hemmed in by several police cars with officer Gary Riales in the lead and with back up from officer Billy Burroughs. Plaintiff was ordered out of the car, searched and tightly handcuffed by officer Riales in a rough manner. Plaintiff protested while officer Riales placed handcuffs on him in a rough and painful manner due to his belief that he had done nothing wrong and that it was permissible for him to work in the city. During this time a crowd had gathered and was observing the events. Plaintiff begged for the handcuffs to be loosened but was jerked around by the officers only to make the cuffs deliberately tighter. Once in the police car, the Plaintiff was taken to the city police station where he was left for at least fifteen (15) or more minutes with the handcuffs so tight that his right arm became numb. He was requested to sign papers which he could not read and could not sign, even if he wanted to, due to his injured hand. He was threatened with the charge of resisting arrest if he did not sign the papers but he could not and did not. Plaintiff was then taken to the Tate County jail and charged with disorderly conduct by Officer Riales. (See attached Exhibit "B") The Plaintiff was left at the Tate County jail with jail personnel who would not process him or accept him because of his injured right hand. The Senatobia Chief of Police arrived at the Tate County Jail in an attempt to have the Plaintiff booked into the jail without medical treatment. Evidently, he had been telephoned by the Mayor of the City of Senatobia and/or the Municipal Judge as both had been telephoned about the matter shortly after

the arrest occurred. EMT personnel arrived and evaluated Plaintiff after being called by jail personnel. Plaintiff was not allowed to be transported in the EMT vehicle by the Defendants but was transported in a city police cruiser to North Oak Regional Medical Center where he was examined, treated and released. Said injury being the direct result of the willful and unnecessary acts of Officer Gary Riales who was without authority at said time. The hospital and EMT personnel were instructed by the Defendants to send any bill for services to the Plaintiff at his Shands Bottom family residence. Plaintiff has since received bills for services rendered by both EMT personnel and North Oak Regional Medical Center. Plaintiff was required to walk home from the hospital with his injured and bandaged right hand due to the vehicle which he had been driving at the time of the arrest being impounded.

12. The Plaintiff was in no way resisting officer Riales and never had, knowing the propensity of officer Riales to "manhandle" him as a result of previous encounters. Plaintiff was no physical match for officer Riales who was at least six(6) feet tall and weighs 250 pounds or more and Plaintiff knew not to irritate him. At the time of the arrest Plaintiff was inside the City of Senatobia but no written order for banishment had been entered in regard to the July 12, 2006, court appearance. Officer Riales was present in the court room on July 12, 2006, and heard what transpired in regard to the Plaintiff being banished. Officer Riales on his own volition took it upon himself without an arrest warrant, without an order being entered and without knowledge of whether or not the fines had been paid to arrest Dennis Burton for disorderly conduct.

13. On Thursday, July 20, 2006, inquiry was made on behalf of the Plaintiff at the Municipal Court for a copy of the written order of banishment pertaining to the Plaintiff. The only thing in the court file at that time was the arrest warrant for contempt dated February 8,

7

2006, which was served on the Plaintiff July 3, 2006, at which time the Plaintiff was incarcerated. At the bottom of said arrest warrant was a note dated July 12, 2006 stating " to pay fine or be banished from Senatobia." Later, an order for said contempt appeared in the city court file which states that it was "ordered and adjudged this the 12th day of July, 2006 and entered nunc pro tunc on this the 21st day of July, 2006." No copy of said order was mailed or distributed to anyone including the Plaintiff. Only after subpoenas had been issued for documents in preparation for the trial on September 13, 2006, did the Plaintiff and his Attorney learn of the "nunc pro tunc" order. It was not incumbent on the Plaintiff or his attorney to check every day for an order to be in the file which was lengthy and in great detail contrary to the normal and regular manner in which the court enters orders which are generally very brief and written on a form.

14. The charge against the Plaintiff of disorderly conduct made by officer Riales was continued to August 23, 2006 and when negotiations for settlement failed a trial was set for September 13, 2006. Immediately before the trial began on September 13, 2006, the charge of "disorderly conduct" was changed by the Defendants to "contempt of court". Plaintiff was at that time found for a second time of being guilty of contempt of court for failure to pay fines in the approximate sum of $1,559.90. He was then sentenced to serve ninety (90) days in the Tate County Jail and ordered to serve an additional eighty-seven (87) days in jail being the balance of the six (6) month sentence handed down on September 30, 2005, on the charge of contempt of court for failure to pay past due fines in the approximate sum of $1,559.90. The Plaintiff then remained incarcerated in the Tate County Jail from September 13, 2006, until September 22, 2006, when he was finally released by the Defendants. An order was entered at that time by the

8

municipal judge recusing himself from any further action in this matter.

15. After the September 13, 2006, court appearance, the Plaintiff attempted to file an out of time appeal without bond of the "nunc pro tunc" order of July 12, 2006, handed down by the municipal judge. A copy of the application for appeal with numerous supporting documents attached are all attached hereto together and marked exhibit "C" to this complaint and same is to be considered as fully a part hereof as if set out herein at length. Plaintiff also appealed by separate document and at the same time the order of the municipal court rendered on September 13, 2006. The Circuit Judge allowed the appeal and entered an order which is dated September 18, 2006 and attached hereto and marked exhibit "D" and same is to be considered as fully a part hereof as if set out herein at length which order required the release of the Plaintiff from jail on September 18, 2006. Plaintiff's attorney in the afternoon of September 18, 2006, attempted to get the Plaintiff released from jail based upon the order of the Circuit Judge dated September 18, 2006, but was unable to do so as the chief jailor had orders from the Defendants not to release the Plaintiff but to hold him to serve the balance of the time on the contempt of court conviction for failure to pay delinquent fines in the approximate sum of $1,559.90 rendered on September 30, 2005.

16. During the week of September 18, 2006, Plaintiff by his attorney prepared a PETITION FOR WRIT OF ERROR CORAM NOBIS and informed the Municipal Judge of the intention of the attorney for the Plaintiff to file same based on the provisions provided by Mississippi Code Section 99-19-20 which states that " In no event shall such period of confinement exceed one (1) day for each twenty-five dollars ($25.00) of the fine". A copy of said which was never filed is attached hereto and marked exhibit "E" and same is to be

considered as fully a part hereof as if set out herein at length in words and figures. On September 22, 2006, the attorneys for the Plaintiff were ordered to appear in city court that afternoon at 2:50 P.M. for further consideration by the court in regard to the Plaintiff and he, the Plaintiff, was brought from the Tate County Jail to the municipal courtroom where the Judge entered an order a copy of which is attached hereto and marked Exhibit "F" and same is to be considered as fully a part hereof as if set out herein at length in words and figures. On that same day the Plaintiff was released from jail having served a total of one hundred and fourteen (114) days in the Tate County Jail at a time when the maximum he could be required to serve under state law was sixty-three (63) days being one (1) day for each twenty-five dollars ($25.00) owed.

17. All the actions of the Defendant, Gary Riales, were committed pursuant to a his custom and/or practice of being over zealous and in manhandling poor blacks. Had the Defendants done any reasonable investigation of the Defendant, Railes, prior to him being hired they would have discovered his propensity of being prejudice toward blacks and habit of manhandling individuals then charging them with disorderly conduct and/or resisting arrest. The Defendants knew or should have known the propensities of officer Riales and they either condoned such actions of officer Riales and/or they intentionally overlooked same to the detriment and injury to such poor black individuals and particularly the Plaintiff.

18. In accordance with the custom and/or practice of the Defendant, Riales, being over zealous and in manhandling poor blacks the Defendant had previously manhandled the Plaintiff in an incident occurring on or about March 3, 2004. The Defendant, while riding a police motorcycle, stopped the Plaintiff and a friend who were on foot. At that time the Defendant, Riales, ordered the Plaintiff, who had done nothing wrong to lay down on his

stomach and put his hands behind him. Upon the Plaintiff complaining of such treatment, the Defendant, Riales, cursed him and manhandled him in a rough and hurtful manner. The cries of the Plaintiff were heard by neighbors and a crowd gathered. Other white police officers of the City of Senatobia appeared and all treated the Plaintiff like a common criminal while he was arrested, searched without probable cause or provocation.

19. The actions of the Defendants against the Plaintiff were pursuant to the custom and/or practice of targeting the Plaintiff and arresting him on various misdemeanor charges many of which were without merit, dismissed or remanded. See attached Exhibit "G" which is a copy of the record of Plaintiff at the Senatobia Municipal court between 1986 and April, 2004. Regardless of the outcome of each charge the Plaintiff was arrested and incarcerated with a bond and/or fines which the indigent Plaintiff could not pay.

20. In accordance with the custom and/or practice of the Defendant, Webb, the more aggressive white police officers were scheduled to work at night and the black officers primarily worked during the day. The Defendants knowingly stopped, frisked and searched without cause or provocation poor blacks resulting in numerous charges of disorderly conduct and resisting arrest if they attempted to protest.

## ALLEGATIONS OF LAW

21. All acts of the Defendants were conducted under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the City of Senatobia and/or the State of Mississippi.

22. Defendant, Webb, in his official capacity as Chief of Police for the City of Senatobia, was a final policy maker, capable of condonation and ratification for the Defendants.

11

Further, the Defendant, Webb, acted knowingly and with reckless disregard for the conduct and actions of the Defendants.

23. The unlawful actions of Defendants, as alleged herein, were taken or ratified by final policy makers for the Defendants and thus constitute policies, practices and usages sufficient to impose liability.

24. It is the policy, practice and/or custom of the Defendants to unlawfully detain individuals, especially black individuals.

25. It is the policy, practice and/or custom of the Defendants to violate the procedural and substantive due process rights of poor, uneducated, black and white individuals who are without funds to defend themselves.

26. It is the policy, practice and/or custom of the Defendants to violate the equal protection rights of poor, uneducated, black and white individuals who are without funds to defend themselves.

27. Defendants' actions, as alleged herein, were made in bad faith and were designed and intended to punish Plaintiff for his having failed to pay fines even though he was indigent and had served the necessary time for said fines. The Defendants were over zealous in their attempt to collect fines for the Defendants and especially against the indigent.

28. The actions of the Defendants, as alleged herein, were made with actual malice and/or wilful misconduct.

29. The actions of the Defendants, as alleged herein, were conducted in bad faith for the purpose of retaliating against or deterring the exercise of constitutionally protected rights.

30. As a result of Defendants' actions, Plaintiff has suffered, is suffering and will

12

continue to suffer injury to his constitutional right to be free from unreasonable seizure.

31. At all times alleged herein, Defendants acted knowingly, with deliberate indifference and/or reckless disregard. Further, the policy of the city permitted, encouraged and mandated unlawful arrest and detention for alleged out-of-court contempt, e.g., for alleged failure to pay a fine, without prior notice and opportunity for a hearing to show cause why such arrest and detention should not occur.

32. As a result of Defendants' actions, Plaintiff has been denied his substantive and procedural due process rights.

33. As a result of Defendants' action, Plaintiff has been denied his equal protection rights.

34. As a result of Defendants' conduct, Plaintiff has suffered battery, humiliation, inconvenience, embarrassment and loss of reputation in the community.

35. Loss of constitutional rights for even minimal periods of time unquestionably constitutes irreparable harm.

## CAUSE OF ACTION

## COUNT 1-UNLAWFUL ARREST

36. The actions of the Defendants in arresting the Plaintiff without probable cause and without warrant having been issued for his arrest constituted an unlawful arrest and denied rights guaranteed to Plaintiff by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## COUNT II- DENIAL OF DUE PROCESS

37. The arrest, search and detention of Plaintiff for alleged non-payment of a fine -i.e.,

13

criminal contempt, occurring outside the presence of the court without prior notice and opportunity to appear and defend, violated Plaintiff's Federal Constitutional right to due process under the Fourteenth Amendment and 42 U.S.C. § 1983.

## COUNT III- EXCESSIVE FORCE

38.    The actions of the Defendants in arresting Plaintiff and manhandling him constituted the use of excessive force and violated rights secured to Plaintiff by the Eight and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## COUNT IV- UNREASONABLE SEARCH AND SEIZURE

39.    The warrantless arrest, search, handcuffing and detention of the Plaintiff without probable cause violated Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution. Further, Defendants' actions in restraining and detaining Plaintiff were unreasonable in light of the surrounding circumstances.

## COUNT V- ASSAULT AND BATTERY

40.    The actions and inaction of the Defendants, as set out above, in using excessive force constituted an unlawful assault and battery on the Plaintiff. Further, Defendants' ordered, consented and/or condoned the physical restraining of Plaintiff without Plaintiffs' consent.

## COUNT VI-GROSS NEGLIGENCE

41.    The actions and inactions of the defendants, as set out above, in using excessive and unnecessary force, without taking into consideration the severity of the crime at issue, whether the Plaintiff posed an immediate threat to the safety of the officers or others, and whether Plaintiff was actively resisting arrest or attempting to evade arrest by hollering, crying and protesting that he had done nothing wrong constituted gross negligence.

14

## COUNT VII- RIGHT TO COUNSEL

42. The warrantless arrest, search and custodial detention of Plaintiff for alleged non-payment of a fine -i.e., criminal contempt, occurring outside the presence of the court without prior opportunity to have the benefit of legal counsel, violated Plaintiff's federal constitutional right to counsel as provided by the Sixth Amendment.

## COUNT VIII - EXCESSIVE BAIL, FINES AND PUNISHMENT

43. The actions of the Defendants constitute a violation of the Plaintiff's Federal Constitutional rights under the Eight Amendment.

## COUNTY IX- FAILURE TO TRAIN AND/OR SUPERVISE

44. Defendants have failed to provide adequate training to law enforcement officers. Further, Defendants have failed to supervise law enforcement officers.

## COUNT X- DEPRIVATION OF STATE CONSTITUTIONAL RIGHTS

45. The actions and inactions of the Defendants, as set out above subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the State of Mississippi, including Art. 3, §§ 14,23, and 28 Miss. Const. (1890).

## CAUSATION AND INJURY

46. As a direct, sole and proximate results of the actions and/or inaction of the Defendants as mentioned above, Plaintiff sustained severe physical and mental injury, causing him great pain of body and anguish of mind, emotional distress, embarrassment, humiliation, stigma, loss of self-esteem, loss of reputation, loss of enjoyment of life, incurred medical and other expenses.

15

## DAMAGES

47.     Plaintiff seeks compensatory damages, jointly and severally, from Defendant Riales and Defendant Webb, individually and in their official capacity, and Defendant, City of Senatobia, for the wrongful acts of its employees and agents acting in their official capacity and in pursuance of unlawful City policies, procedures, practices and customs.  As a direct, sole and proximate results of the actions and inactions of the Defendants as mentioned above, the Plaintiff has been injured and seek compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $5,000,000.00.

## INJUNCTIVE RELIEF

48.     Plaintiff has no plain, speedy or adequate remedy at law and Plaintiff will suffer immediate and irreparable injury unless a temporary restraining order, preliminary injunction issue to the Defendants prohibiting and restraining them from violating Plaintiff's federal and state constitutional rights as well as rights secured to Plaintiff by 42 U.S.C. § 1983 and Mississippi statutory and common law.

## JURY DEMAND

49.     Plaintiff demands a trial by jury pursuant to FRCP 38.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgement of and from the Defendants, jointly and severally, in the following respects:

1.     A declaratory judgement that the actions of the Defendants violated rights secured to Plaintiff by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2.     A declaratory judgement that the actions of the Defendants violated rights secured

to Plaintiff by Art. 3 § 14 and § 23, Miss. Const. (1890), Mississippi statutory law, and Mississippi common law.

3.     A temporary restraining order, preliminary injunction, and permanent injunction enjoining the defendants, their officers, agents, servants, employees, attorneys and all other acting in active concert with them from violating the rights secured to Plaintiff by the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     A temporary restraining order, preliminary injunction and permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys and all others acting in active concert with them from violating the rights secured to Plaintiff by Art. 3, §§ 14,23 and 28, Miss. Const. (1890), Mississippi statutory law, and Mississippi common law.

5.     A money judgement against the Defendants, jointly and severally, in the amount of $6,000,000.00, together with interest from and after the date of judgement.

6.     Attorney fees and litigation costs pursuant to 42 U.S.C. § 1988.

Plaintiff prays for general relief.

Respectfully submitted,

DENNIS WAYNE BURTON, Plaintiff

BY

Leigh Ann Darby- MSB #99559

OF COUNSEL:
MOORE & DARBY, PLLC
216 SOUTH WARD STREET
SENATOBIA, MS 38668
TELEPHONE: (662) 562-0013
FACSIMILE:  (662) 562-6333

17

## GENERAL AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF TATE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid County and State, within my jurisdiction, on this the ____ day of December, 2006, the within named, Dennis Wayne Burton, who did state on his oath that the facts, allegations and averments as set out in the above and foregoing Complaint are true and correct as therein stated to the best of his knowledge and belief.

_Dennis wayne Burton_
Dennis Wayne Burton

SWORN TO AND SUBSCRIBED before me on this the 29th day of December, 2006.

_Heather A. Sowell_
Notary Public

My Commission Expires: _2-13-2009_